## Bowman v. Bolich

Before Lewis, Pinola and Brominski, *JJ*.

*Paul R. Orrson*, for plaintiff.

*George A. Spohrer*, for defendant.

BROMINSKI, J., August 20, 1959.—On October 30, 1958, an automobile owned and being driven by plaintiff, Harry Bowman, collided with an automobile owned and being driven by defendant, Stephen Bolich, at the intersection of Allen and Main Streets, Luzerne. On January 9, 1959, a hearing was held before Alderman Frank C. Castellino of Pittston, which resulted in a judgment in favor of plaintiff for $95.

On January 19, 1959, defendant petitioned for a special allowance to take an appeal and the same was granted by order signed the same day. Pursuant to the

court's order, the transcript of appeal was duly executed and filed of record on February 2, 1959.

Plaintiff, Harry Bowman, on March 19, 1959, obtained a rule to show cause why the aforesaid appeal should not be stricken off, due to the fact that the affidavit on the petition for special allowance was signed by defendant's counsel, George A. Spohrer, Esq., rather than by defendant.

Plaintiff alleges that the petition should be verified as a pleading as required by Pa. R. C. P. 1024.

As noted above, the petition for special allowance to take an appeal was signed by defendant's counsel, George A. Spohrer, Esq. An examination of the affidavit on the petition for special allowance of appeal discloses that the affidavit was not signed by a stranger to the proceedings since the affidavit itself clearly sets forth the attorney-client relationship of Mr. Spohrer and defendant.

This appeal is taken under authority of the Act of May 17, 1956, P. L. 1626, sec. 1, 42 PS §913 (a). The act itself does not specifically require verification of the petition authorized thereunder. Moreover, the legislation authorizing appeals requires the affidavit of appellant or his attorney or agent that the appeal is not for delay, but because he believes an injustice has been done: Act of July 14, 1897, P. L. 271, sec. 1, as amended, 42 PS §919. It appears to the court that the requirements concerning verification of the petition for allowance to take an appeal would rise no higher than those of the appeal itself.

The Pennsylvania Rules of Civil Procedure require that *pleadings* containing averments of fact not of record shall be verified by a party to the action: Pa. R. C. P. 1024. Pa. R. C. P. 1017 defines pleadings as including a complaint, answer thereto, counterclaim, reply, counter reply and preliminary objections. The petition in question is not a pleading encompassed by

this rule and since this is so, it cannot be subject to the requirements of Pa. R. C. P. 1024.

The petition filed on behalf of defendant raised only the legal issue of procedural remedy. "Motions to strike off pleadings, motions for more specific pleadings, demurrers, jurisdictional objections involving the record alone and no outside facts, and similar motions under Rule 1017(b) may all be made by an unsworn paper, setting forth the necessary statements of legal position": Goodrich-Amram, Procedural Rules Service, §1024(a)-1, p. 154.

The courts have consistently held that motions and petitions raising legal issues only need not be verified by a party to the record. Some examples are as follows: A petition to open judgment is not a pleading and need not be verified (Brown v. McClure Newspaper Syndicate, 44 Luz. 296, (1954)); petition for counsel fees not a pleading (Eidam v. Eidam, 40 Luz. 309 (1948)); petition to quash fraudulent debtors attachment not a pleading: Brenner v. Messer, 79 D. & C. 265 (1951).

Accordingly, now, this August 20, 1959, at 11:45 a. m., plaintiff's rule to show cause is dismissed.